IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,328-01






EX PARTE CLIFTON DEWAYNE HARVIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-08-0076M-CR IN THE 97TH DISTRICT COURT


FROM MONTAGUE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to sixty years' imprisonment. The Second Court of Appeals affirmed his
conviction. Harvin v. State, No. 02-04-00294-CR (Tex. App.-Fort Worth 2005, no pet.).

 Applicant contends, among other things, that his trial counsel, Patrick Morris, rendered
ineffective assistance because he: (1) failed to investigate or ignored evidence showing that the
complainant had recanted before Applicant pleaded no contest; (2) insisted, despite knowing that the
complainant had recanted, that Applicant plead guilty or no contest; (3) told Applicant that he would
not continue to represent him if he insisted on a trial; (4) advised Applicant that he would be
sentenced to forty years if he insisted on a trial; and (5) failed to explain to Applicant that a no
contest plea and a guilty plea have the same legal effect in a criminal proceeding. Tex. Code Crim.
Proc. art. 27.02(5). Applicant also contends that appellate counsel, William Walsh, failed to timely
notify him that his conviction had been affirmed on direct appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial and appellate counsel with the opportunity to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether the performance of Applicant's
trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant
and rendered his plea involuntary. The trial court shall make specific findings as to: (1) what
evidence and witnesses, if any, trial counsel investigated; (2) whether trial counsel, despite knowing
that the complainant had recanted, advised Applicant to plead no contest or guilty and, if so, why
trial counsel provided such advice; (3) whether trial counsel was willing to represent Applicant at
a trial; (4) whether trial counsel advised Applicant that he would be sentenced to forty years if he
insisted on a trial; and (5) whether trial counsel explained to Applicant that a no contest plea and a
guilty plea have the same legal effect in a criminal proceeding. The trial court shall then make
findings as to whether appellate counsel timely notified Applicant that his conviction had been
affirmed on direct appeal. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). Finally, the trial
court shall make findings as to whether the transcript of the grand jury testimony was disclosed to
Applicant before he pleaded no contest. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 4, 2009

Do not publish